IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION

JIMMY G. NIXON, SR.,
REG. #12863-116                                                                                    PLAINTIFF

2:04CV00193HDY

LINDA SANDERS, et al.                                                                         DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Chief Judge J. Leon Holmes.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.   Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge  (if such a  hearing is granted)  was not  offered at  the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof,  and a copy,  or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite 402
> Little Rock, AR 72201-3325

## **DISPOSITION**

This matter is before the Court on the defendants' motion to dismiss, or in the alternative, for summary judgment (DE #19). By Order dated April 27, 2005, this Court directed plaintiff to respond to the motion within fifteen days of the date of the Order (DE #22). By Order dated May 12, 2005, the Court granted plaintiff's motion for an extension of time, and directed him to file a response to the motion, together with proof of exhaustion of his administrative remedies, within thirty days of the date of the Order (DE #31). Following receipt of an affidavit from plaintiff in which he complained about access to his legal materials, the Court directed him, by Order dated June 16, 2005, to respond within fifteen days (DE #36). Again, plaintiff filed a motion for extension of time, which was granted by Order dated July 25, 2005 (DE #40). As of this date, plaintiff has not filed a response to defendants' motion.[1]

---

[1] The Court notes that dismissal is appropriate, at this juncture, pursuant to Local Rule 5.5(c)(2), which provides as follows:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case and to prosecute or defend the action diligently . . . . If any communication from the Court to a pro se plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. . . .

However, given the nature of defendants' motion, the Court will address the motion on the merits.

Plaintiff is a federal inmate incarcerated at the Federal Correctional Institution (FCI) LaTuna, in Anthony, New Mexico. He filed this <u>Bivens</u> civil rights action while incarcerated at the FCI, Forrest City, Arkansas, alleging that defendants harassed him and violated his First Amendment right to freedom of religion, by placing certain restrictions on services conducted by inmates associated with the Nation of Islam religion. Plaintiff asks for damages against defendants.

In support of their motion, defendants state that plaintiff's complaint should be dismissed for failure to exhaust. According to an affidavit of Lisa James Young, an attorney assigned to the FCI, Forrest City Unit, Bureau of Prison (BOP) records show that plaintiff did not exhaust his administrative remedies with respect to the claim asserted in his complaint. Specifically, the affidavit sets forth a three-step federal administrative remedy process, which is instituted by the filing of a BP-9 form at the Unit level. Two appeals from that level are provided, to the Regional Director through a BP-10 form, and then to the General Counsel for the Bureau of Prisons, via a BP-11 form (DE #20, Ex. A). According to the BOP records, plaintiff filed his initial grievance about staff harassment on a BP-10 form, claiming the issue was sensitive in an effort to by-pass the initial BP-9 step (Ex. B, D). However, plaintiff's grievance was rejected as not sensitive, and plaintiff was directed to re-file his complaint at the Unit level (Ex. E). Ms. Young states in her affidavit that BOP records do not show that plaintiff ever re-filed his grievance at any level, or appealed the denial of his BP-10 decision.

According to the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e,

> No action shall be brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. § 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

Exhaustion of remedies includes filing a grievance and appealing such grievance through all appropriate levels. In this case, as mentioned above, the final level would have been the General Counsel for the Central Office of the Bureau of Prisons, pursuant to a BP–11 form. In <u>Booth v.</u>

3

Churner, 121 S.Ct. 1819, 1825 (2001), the United States Supreme Court held that in enacting the PLRA, "Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures."  In addition, in Chelette v. Harris, 229 F.2d 684 (8th Cir. 2000) the Eighth Circuit Court of Appeals held that "the statute's requirements are clear: If administrative remedies are available, the prisoner must exhaust them.  Chelette failed to do so, and so his complaint must be dismissed, for 'we are not free to engraft upon the statute an exception that Congress did not place there.'" 229 F.3d at 688.   In Chelette, the plaintiff inmate did not completely exhaust his administrative remedies because the Warden told him he would take care of the matter.  The Court held that "Section 1997(e)(a) says nothing about a prisoner's subjective beliefs, logical or otherwise, about the administrative remedies that might be available to him." Id.   Therefore, the Court concluded that the statute clearly requires exhaustion.  Finally, in Johnson v. Jones, 340 F.3d 624, 627 (8th Cir. 2003), the Court held that "under the plain language of section 1997e(a), an inmate must exhaust administrative remedies before filing suit in federal court.....If exhaustion was not completed at the time of filing, dismissal is mandatory."

It is clear from the records and affidavit presented by the defendants, and plaintiff's lack of proof to the contrary, that prior to filing his complaint, plaintiff did not fully exhaust his administrative remedies.  Therefore, the Court finds that his complaint should be dismissed.  Accordingly,

IT IS, THEREFORE, RECOMMENDED that plaintiff's complaint be DISMISSED without prejudice for failure to exhaust his administrative remedies.

IT IS SO RECOMMENDED this ___29___ day of ___August_____, 2005.

_____
United States Magistrate Judge